**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATTHEW CORRIGAN )<br>  )<br>     Plaintiff )<br>  )<br>     v. )<br>  )<br>DISTRICT OF COLUMBIA, *et al.* )<br>  )<br>     Defendants ) | No. 12-cv-173 (BAH) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT**
**DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

The gravaman of the District's argument is that "a Section 1983 complaint must allege that an established municipal policy or custom caused the constitutional violation at issue" and that a "complaint that does not allege such a policy or custom fails to allege a necessary element of liability under Section 1983, and must be dismissed." Memorandum 6. Plaintiff does not dispute this. But it is untrue that "Plaintiff failed to plead facts to support municipal liability against the District under Section 1983" and that the Complaint "is devoid of facts that demonstrate that any District policy, practice, or custom violated Plaintiff's Fourth Amendment rights." Memorandum 6. Paragraph 13 of the Complaint alleged that members of the Emergency Response Team (ERT) "entered the apartment, without a warrant, by breaking the locked front door." Paragraph 15 of the Complaint alleged that the:

> Explosives Ordinance Disposal (EOD) team, entered Corrigan's home without a warrant and searched for explosives. The EOD team opened closed containers and used x-ray equipment to search closed containers.

And Paragraph 17 of the Complaint alleged that members of those

-1-

teams "seized three firearms and numerous rounds of ammunition for those firearms and others."  Finally, Paragraph 28 of the Complaint alleged:

> 28) Upon information and belief, the warrantless search of Corrigan's home in violation of the Fourth Amendment, and the warrantless seizure of Corrigan's property from his home in violation of the Fourth Amendment, was pursuant to policy, custom, or usage of the District of Columbia.

Accordingly, Plaintiff has alleged that a municipal policy or custom caused the constitutional violation at issue and has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Brief 4.

Alternatively, should the court determine that Plaintiff has not pled sufficient factual content, Plaintiff requests leave to amend the complaint.

## CONCLUSION

The court should deny Defendant's motion to dismiss or, in the alternative, grant Plaintiff leave to amend the complaint.

Respectfully submitted,

Matthew Corrigan
By Counsel

/s/Richard E. Gardiner
Richard E. Gardiner
D.C. Bar No. 386915
Suite 403
3925 Chain Bridge Road
Fairfax, VA  22030
(703) 352-7276
(703) 359-0938
regardiner@cox.net